**KIRKPATRICK & LOCKHART**
**PRESTON GATES ELLIS LLP**
One Newark Center – Tenth Floor
Newark, New Jersey 07102
Tel: (973) 848-4000
Fax: (973) 848-4001
*Attorneys for Defendants Esquire Deposition Services LLC,*
*Hobart West Solutions LLC, and Amy Etheridge*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KAREN CHESTNUT,                                   :   08-CV-4030 (LAK)(MHD)
                                                  :
                *Plaintiff,*              :
                                                  :
   -against-                                     :
                                                  :   **ANSWER**
ESQUIRE DEPOSITION SERVICES LLC                   :
HOBART WEST SOLUTIONS LLC, and                    :
AMY ETHERIDGE,                                    :
                *Defendants.*            :
                                                  :
------------------------------------------------------------------X

      Defendants Esquire Deposition Services LLC, Hobart West Solutions LLC, and Amy Etheridge (collectively, "defendants"), by their attorneys, Kirkpatrick & Lockhart Preston Gates Ellis LLP, for their Answer to the Complaint filed by plaintiff Karen Chestnut, state as follows:

### Answer As To "Nature of the Case"

      1.    They admit that this action is brought on behalf of plaintiff and refer to the Complaint for accuracy as to the nature of the claims asserted. Except as so admitted, they deny the allegations of paragraph 1.

      2.    They admit that this action is brought on behalf of plaintiff and refer to the Complaint for accuracy as to the nature of the claims asserted. Except as so admitted, they deny the allegations of paragraph 2.

3. Upon information and belief, they admit that plaintiff filed a Charge of Discrimination (No. 520-2008-00984) with the U.S. Equal Employment Opportunity Commission ("EEOC") and that the EEOC issued a right to sue letter dated March 31, 2008.

## Answer As To "Jurisdiction and Venue"

4. They neither admit nor deny the allegations of paragraph 4 insofar as they constitute a legal conclusion to which they are not required to respond. If a response is required, they deny the allegations of paragraph 4.

5. They neither admit nor deny the allegations of paragraph 5 insofar as they constitute a legal conclusion to which they are not required to respond. If a response is required, they deny the allegations in paragraph 5.

## Answer As To "Parties"

6. They lack knowledge or information sufficient to form a belief as to the location of plaintiff's residence and, accordingly, put plaintiff to her proofs with respect thereto.

7. They admit the allegations of paragraph 7.

8. They deny the allegations of paragraph 8.

9. They admit that Amy Etheridge currently holds the position of General Manager at Esquire for multiple offices. They further admit that Ms. Etheridge served as Acting General Manager at Esquire's New York office for a limited time and, in that capacity, she indirectly supervised plaintiff. Except as so admitted, they deny the allegations of paragraph 9.

10. They admit that Amy Etheridge indirectly supervised plaintiff for a limited time. Except as so admitted, they deny the allegations of paragraph 10.

11. They deny the allegations of paragraph 11.

12. They deny the allegations of paragraph 12.

13. They admit that Esquire is a foreign limited liability company doing business in the State of New York. Except as so admitted, they deny the allegations of paragraph 13.

14. They admit that Hobart West is a foreign limited liability company doing business in the State of New York. Except as so admitted, they deny the allegations of paragraph 14.

15. They deny the allegations of paragraph 15.

16. They admit the allegations of paragraph 16.

17. They deny the allegations of paragraph 17.

18. They admit that Esquire is a foreign limited liability company doing business in the State of New York. Except as so admitted, they deny the allegations of paragraph 18.

19. They admit that Hobart West is a foreign limited liability company doing business in the State of New York. Except as so admitted, they deny the allegations of paragraph 19.

20. They admit that Esquire operates and maintains an office in the State of New York. Except as so admitted, they deny the allegations of paragraph 20.

21. They admit the allegations of paragraph 21.

22. They deny the allegations of paragraph 22.

23. They deny the allegations of paragraph 23.

24. They deny the allegations of paragraph 24.

25. They deny the allegations of paragraph 25.

## Answer as to "Statement of Facts"

26. They admit the allegations of paragraph 26.

27. They admit that plaintiff was offered employment as an Account Executive in Esquire's New York office. They further admit that plaintiff was hired at a base salary of

$60,000.00 and certain commissions from sales. Except as so admitted, they deny the allegations of paragraph 27.

28. They admit that plaintiff began working for Esquire on or about August 27, 2007. Except as so admitted, they deny the allegations of paragraph 28.

29. They deny the allegations of paragraph 29.

30. They deny the allegations of paragraph 30.

31. They admit that, on or about October 2, 2007, Amy Etheridge notified plaintiff that she was being discharged from her employment with Esquire. Except as so admitted, they deny the allegations of paragraph 31.

32. They lack knowledge or information sufficient to form a belief as plaintiff's age at the time of her termination and, accordingly, put plaintiff to her proofs with respect thereto.

33. They admit that plaintiff was discharged from her employment with Esquire on or about October 2, 2007. Except as so admitted, they deny the allegations of paragraph 33.

34. They deny the allegations of paragraph 34.

35. They admit that Esquire hired plaintiff for a position in its New York office. They further admit that Esquire subsequently discharged plaintiff from her employment in its New York office. Except as so admitted, they deny the allegations of paragraph 35.

36. They deny the allegations of paragraph 36.

37. They deny the allegations of paragraph 37.

38. They deny the allegations of paragraph 38.

39. They lack knowledge or information sufficient to form a belief as to plaintiff's efforts to find employment and, accordingly, put plaintiff to her proofs with respect thereto.

**Answer as to "As a First Cause of Action For Discrimination Under Federal Law"**

40. They admit that the plaintiff filed a Complaint asserting age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and refer to the Complaint for accuracy as to its contents. Except as so admitted, they deny the allegations of paragraph 40.

41. They deny the allegations of paragraph 41.

42. They neither admit nor deny the allegations of paragraph 42 insofar as they constitute legal conclusions to which they are not required to respond. If a response is required, they refer to Section 623 of the ADEA for accuracy as to its contents.

43. They deny the allegations of paragraph 43.

44. They deny the allegations of paragraph 44.

45. They deny the allegations of paragraph 45.

**Answer as to "As a Second Cause of Action for Discrimination Under State Law"**

46. They repeat and incorporate their responses to paragraphs 1 through 45 as if set forth more fully herein.

47. They neither admit nor deny the allegations of paragraph 47 insofar as they constitute legal conclusions to which they are not required to respond. If a response is required, they refer to New York State Executive Law § 296 for accuracy as to its contents.

48. They deny the allegations of paragraph 48.

**Answer as to "As a Second *[Sic]* Cause of Action for Discrimination Under State Law"**

49. They repeat and incorporate their responses to paragraphs 1 through 48 as if set forth more fully herein.

50.   They neither admit nor deny the allegations of paragraph 50 insofar as they constitute legal conclusions to which they are not required to respond.  If a response is required, they refer to New York State Executive Law § 296(7) for accuracy as to its contents.

51.   They deny the allegations of paragraph 51.

### Answer as to "As a Third Cause of Action for Discrimination Under State Law"

52.   They repeat and incorporate their responses to paragraphs 1 through 51 as if set forth more fully herein.

53.   They neither admit nor deny the allegations of paragraph 53 insofar as they constitute legal conclusions to which they are not required to respond.  If a response is required, they refer to New York State Executive Law § 296(6) for accuracy as to its contents.

54.   They deny the allegations of paragraph 54.

### Answer as to "As a Fourth Cause of Action for Discrimination Under The New York City Administrative Code"

55.   They repeat and incorporate their responses to paragraphs 1 through 54 as if set forth more fully herein.

56.   They neither admit nor deny the allegations of paragraph 56 insofar as they constitute legal conclusions to which they are not required to respond.  If a response is required, they refer to the Administrative Code of City of NY § 8-107[1] for accuracy as to its contents.

57.   They deny the allegations of paragraph 57.

### Answer as to "As a Fifth Cause of Action for Discrimination Under The New York City Administrative Code"

58.   They repeat and incorporate their responses to paragraphs 1 through 57 as if set forth more fully herein.

59. They neither admit nor deny the allegations of paragraph 59 insofar as they constitute legal conclusions to which they are not required to respond. If a response is required, they refer to the Administrative Code of City of NY § 8-107[1](e) for accuracy as to its contents.

60. They deny the allegations of paragraph 60.

### Answer as to "As a Sixth Cause of Action for Discrimination Under The New York City Administrative Code"

61. They repeat and incorporate their responses to paragraphs 1 through 60 as if set forth more fully herein.

62. They neither admit nor deny the allegations of paragraph 62 insofar as they constitute legal conclusions to which they are not required to respond. If a response is required, they refer to the New York City Administrative Code, Title 8, § 8-107(6) for accuracy as to its contents.

63. They deny the allegations of paragraph 63.

### Answer as to "As a Seventh Cause of Action for Discrimination Under The New York City Administrative Code"

64. They repeat and incorporate their responses to paragraphs 1 through 63 as if set forth more fully herein.

65. They neither admit nor deny the allegations of paragraph 65 insofar as they constitute legal conclusions to which they are not required to respond. If a response is required, they refer to the New York City Administrative Code, Title 8, § 8-107(19) for accuracy as to its contents.

66. They deny the allegations of paragraph 66.

### Answer as to "As an Eighth Cause of Action for Discrimination Under The New York City Administrative Code"

67. They repeat and incorporate their responses to paragraphs 1 through 66 as if set forth more fully herein.

68. They neither admit nor deny the allegations of paragraph 65 insofar as they constitute legal conclusions to which they are not required to respond. If a response is required, they refer to the New York City Administrative Code, Title 8, § 8-107(13) for accuracy as to its contents.

69. They deny the allegations of paragraph 69.

### Answer as to "Injury and Damages"

70. They deny the allegations of paragraph 70.

### FIRST SEPARATE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### SECOND SEPARATE DEFENSE

Plaintiff's claims, or certain of them, are barred by the applicable statute or statutes of limitations.

### THIRD SEPARATE DEFENSE

Plaintiff has failed to mitigate damages, if any.

### FOURTH SEPARATE DEFENSE

Plaintiff is estopped and barred by her own conduct from requesting the relief set forth in the Complaint.

## FIFTH SEPARATE DEFENSE

Plaintiff's claims are barred by the exclusive remedy provisions of the New York Workers' Compensation law.  N.Y.Work.Comp.Law § 11.

## SIXTH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrine of laches and waiver.

## SEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## EIGHTH SEPARATE DEFENSE

Plaintiff's claims are barred by her failure to invoke or exhaust available complaint, investigation, dispute resolution, arbitration, appeal, protest, or administrative procedures, avenues, remedies and/or prerequisites to suit.

## NINTH SEPARATE DEFENSE

Plaintiff was employed at will.

## TENTH SEPARATE DEFENSE

Plaintiff is guilty of contributory negligence, which negligence was greater in degree than that of Defendants.  Recovery is therefore barred, in whole or in part, by the provisions of N.Y. C.P.L.R. § 1411.

## ELEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrines of res judicata, collateral estoppel, claim preclusion and issue preclusion.

### TWELFTH SEPARATE DEFENSE

Esquire Deposition Services LLC exercised reasonable care to prevent and promptly correct any unlawful behavior.

### THIRTEENTH SEPARATE DEFENSE

Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Esquire Deposition Services LLC or to avoid harm otherwise.

### FOURTEENTH SEPARATE DEFENSE

Plaintiff has not been injured within the meaning of the law.

### FIFTEENTH SEPARATE DEFENSE

Hobart West Solutions LLC was not plaintiff's employer.

### SIXTEENTH SEPARATE DEFENSE

Plaintiff's right to relief, if any, is cut off as of the day(s) that defendant learned that plaintiff engaged in one or more acts of misconduct which would independently have been legitimate, non-discriminatory reasons for plaintiff's termination and would have caused plaintiff's immediate termination.

### SEVENTEENTH SEPARATE DEFENSE

Defendants hereby expressly reserve and do not waive the right to assert any and all defenses at such time and to such extent as discovery and factual developments establish a basis therefore.

**WHEREFORE**, defendants demand judgment dismissing the Complaint with prejudice in its entirety, for an award of all reasonable costs and attorneys' fees for the defense of this action, and for such other relief as the Court may deem just and equitable.

**KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP**
*Attorneys for Defendants*
*Esquire Deposition Services LLC,*
*Hobart West Solutions LLC, and Amy Etheridge*

By: s/ George P. Barbatsuly (GB-9571)

Dated: June 5, 2008

## CERTIFICATE OF SERVICE

George P. Barbatsuly, of full age, certifies as follows:

1. I am an attorney-at-law admitted to the bar of this Court and am Of Counsel with the law firm of Kirkpatrick & Lockhart Preston Gates Ellis LLP, counsel for defendants Esquire Deposition Services LLC, Hobart West Solutions LLC, and Amy Etheridge (collectively, "defendants").

2. On June 5, 2008, a copy of an Answer on behalf of defendants was filed electronically in accordance with Local Civil Rule 5.2 and Fed. R. Civ. P. 5. Notice of this filing will be sent by e-mail to all counsel of record by operation of the Court's electronic filing system. Parties may download and view this filing through the Court's CM/ECF system.

3. I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I may be subject to punishment.

s/ George P. Barbatsuly (GB-9571)

Dated: June 5, 2008